**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **In Re:** | ) | **Chapter 11 Proceeding** |
| | ) | |
| **TEGETHOFF DEVELOPMENT, LLC,** | ) | |
| **TEGETHOFF DEVELOPMENT CO., LLC,** | ) | **Case No. 26-42401-169** |
| **and** | ) | **(Jointly Administered)** |
| **PEARL CAPITAL MANAGEMENT LLC,** | ) | |
| | ) | **Hearing Date: June 18, 2026** |
| **Debtors.** | ) | **Hearing Time:** |
| | ) | |
| | ) | **Related Doc Nos. 27, 28, 44** |

**INTERIM ORDER AUTHORIZING LIMITED USE OF CASH**
**COLLATERAL AND GRANTING ADEQUATE PROTECTION**

The *Motion for Entry of Interim and Final Orders Authorizing (I) Tegethoff Development, LLC's the Use of Cash Collateral Pursuant to § 363 of the Bankruptcy Code and Setting Final Hearing for Use of Cash Collateral* (the "**Motion**") filed by Tegethoff Development, LLC ("**TD**"), came before this Court for a preliminary hearing on June 18, 2026. After giving due consideration to the Motion, the objection to the Motion filed by Old Hickory Partners, LLC ("**Old Hickory**") [Doc. No. 36] ("**Old Hickory Objection**"), the objection to the Motion filed by Aspen Investment Group, LLC, Hickory Investors, LLC, Solera Expo, LLC, Solera Multifamily, LLC, and Solera Pearl, LLC (collectively "**Solera**") [Doc. No. 37] ("**Solera Objection**"), the objection to the Motion filed by Lakeport Hotel LLC and Oasis at Lakeport LLC (collectively "**Lakeport**") [Doc. No. 38] ("**Lakeport Objection**"), the arguments made on the record, and the record and proceedings in these cases (the "**Chapter 11 Cases**"), this Court finds and concludes as follows:

A.      This Court has jurisdiction over the Motion and issues raised therein pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

B.      Sufficient notice of the preliminary hearing on the Motion in light of the

circumstances of these chapter 11 cases was provided to creditors and parties-in-interest pursuant to Federal Rule of Bankruptcy Procedure 4001(c)(3).

C.      On June 1, 2026 (the "**Petition Date**"), debtors Tegethoff Development, LLC, Tegethoff Development Co, LLC, and Pearl Capital Management LLC (collectively, the "**Debtors**") each filed respective voluntary petitions for relief under chapter 11 of the United States Bankruptcy Code, 11 U.S.C. §§ 101-1532 (the "**Bankruptcy Code**") in the United States Bankruptcy Court for the Eastern District of Missouri.

D.      On June 18, 2026, this Court entered its Order Directing Joint Administration of these Chapter 11 Cases. Doc. No. 42.

E.      On June 15, 2026, TD filed the Motion seeking interim and final authorization to use Cash Collateral[1] on the terms set forth in the Motion as incorporated herein by reference.

F.      TD and UMB Bank ("**UMB**") agreed that the cash and cash equivalents in the Restricted Account, and all proceeds therefrom, constitutes cash in which UMB has an interest pursuant to section 363 of the Bankruptcy Code and therefore, TD must obtain UMB's consent or a court order to use the Cash Collateral.

G.      TD agrees and acknowledges it has an obligation to provide adequate protection to UMB for the use of the Cash Collateral pursuant to sections 361 and 363 of the Bankruptcy Code.

H.      Pursuant to the Motion, TD requested authorization for the use of Cash Collateral in an amount not to exceed $2,000,000.00 (the "**Restricted Account Cap**").

I.      UMB consents to TD's interim use of Cash Collateral as set forth in the Motion and upon the terms therein.

---

[1] Capitalized terms not expressly defined herein have the meanings ascribed to them in the Motion.

2

J.      Old Hickory, Solera, and XRL ALC, LLC ("**XLR**") contest the first priority position of UMB in the Cash Collateral, and Lakeport and the other objecting parties contest TD's need to use Cash Collateral, and do not consent to such use of Cash Collateral as set forth in the Motion.

K.      Good cause has been shown for the entry of this Order authorizing TD to use Cash Collateral only for the limited purpose of paying insurance expenses and for the scheduling of another interim hearing on the Motion.

**NOW, THEREFORE, IT IS HEREBY ORDERED that the relief requested in the Motion is GRANTED IN PART solely as stated herein:**

1.      The Motion shall be set for a further interim hearing on **July 7, 2026** at **10:00 a.m.**, prevailing Central Time, before the Honorable Brian C. Walsh in Courtroom 5N in the Thomas F. Eagleton Federal Courthouse, 111 S. 10th Street, St. Louis, Missouri 63102.

2.      TD shall be permitted to use Cash Collateral only for insurance expenses as set forth in the Budget attached hereto as **Exhibit A**. TD shall not use Cash Collateral for any other purpose unless and until such order is entered by this Court.

3.      Good cause has been shown for immediate entry of this order pursuant to Fed. R. Bankr. P. 4001(b)(2) and 4001(c)(2). In particular, the authorization granted herein for TD to continue using the Cash Collateral as described in paragraph 2 above is necessary to avoid immediate and irreparable harm to TD and its estate. Entry of this order is in the best interest of TD, its estate and creditors.

4.      TD's use of the Cash Collateral is expressly conditioned on the following:

        a.      **Reservation of Rights**. This Order (and UMB's agreement to the Budget) shall in no way serve to waive UMB's right to seek, or TD's obligation to

3

provide, additional adequate protection under the provisions of sections 361 and 363 of the Bankruptcy Code (including for the diminution in value of the Cash Collateral in excess of the adequate protection provided herein). Nothing contained herein shall be construed as UMB's agreement or concession that the adequate protection provided herein is sufficient to protect UMB as required by the applicable provisions of the Bankruptcy Code. Further, this Order is without prejudice to UMB seeking the termination of TD's use of the Cash Collateral for cause including, but not limited to, for lack of adequate protection. UMB's rights are expressly reserved.

b.  **Reports**. TD shall comply with all existing reporting requirements (the "**Reports**") set forth in the Loan Documents. Alternatively, TD shall deliver the monthly operating reports to UMB in lieu of the above Reports.

c.  **Access to Records of TD**. At reasonable intervals and upon reasonable request by UMB, TD hereby grants UMB and its representatives reasonable access to any and all non-privileged information in TD's possession or control regarding the operation of its business including, without limitation, its books, records, operations and assets.

5.  **Reservation of Rights**. Nothing contained herein shall be construed as a waiver of any rights or remedies that any party hereto has under any documents, the Bankruptcy Code, or applicable law, including UMB's right at any time to seek relief from the automatic stay of section 362 of the Bankruptcy Code with respect to all or any of its collateral and any party's right to seek modification of this order and the cash used hereunder.

4

6.     **Court Approval.** This order shall become effective and enforceable upon approval and entry as an order of this Court. If any provision of this order is modified, vacated, or stayed by a subsequent order of this Court, such modification, vacation or stay shall not affect the validity of any obligation or liability incurred pursuant to this order and prior to the effective date of such modification, vacation or stay,

7.     **Modification of this Order.** Any modification of this order shall be made only by a separate order from this Court upon notice to parties entitled thereto.

8.     **Successors and Assigns.** The provisions of this Order shall be binding upon and inure to the benefit of UMB, TD, and their respective successors and assigns (including, without limitation, any chapter 11 or chapter 7 trustee, examiner or other fiduciary hereafter appointed for TD or with respect to any of TD's property).

9.     This Court shall retain jurisdiction with respect to all matters arising from, or related to, the implementation of this Order.

10.     Not later than two (2) business days after the date of the entry of this order, TD shall serve a copy of this order upon all parties entitled to receive service in these jointly administered bankruptcy cases as required by Bankruptcy Rule 4001(d) including, without limitation, the twenty largest unsecured creditors in each case, all parties requesting notice, and the United States Trustee, and shall file a certificate of service compliant with Local Rule of Bankruptcy Procedure 9004(D) no later than 24 hours thereafter.

DATED: June 29, 2026  
St. Louis, Missouri  
mtc  

BONNIE L. CLAIR  
Chief United States Bankruptcy Judge

5

Order prepared by:
Robert E. Eggmann
Samuel S. Brand
Carmody MacDonald, P.C.
120 South Central Ave., Suite 1800
St. Louis, Missouri 63105
(314) 854-8600
(314) 854-8660 Fax
ATTORNEYS FOR TD

**EXHIBIT A**

**Proposed Budget**

|  | 2026 |  |  |  |  |
|---|---|---|---|---|---|
|  | June | July | August | TOTALS | Summary |
| Insurance | $20,000.00 | $20,000.00 | $20,000.00 | $60,000.00 | Master Policy |
| TOTAL: | $20,000.00 | $20,000.00 | $20,000.00 | $60,000.00 | |