## Comparison Summary

| | |
|---|---|
| **Original file** | *EXHIBIT A - DEBTOR'S PROPOSED ORDER.docx* |
| **Modified file** | *EXHIBIT B - SOLERA COMMENTS.docx* |
| **Date of comparison** | 2026/09/21 10:40:29 AM |

| | |
|---|---|
| **Words deleted** | 20 |
| **Words inserted** | 425 |
| **Tables deleted** | 0 |
| **Tables inserted** | 0 |
| **Tables modified** | 1 |
| **Images deleted** | 0 |
| **Images inserted** | 0 |

| Markup Scheme |
|---|
| Insertions |
| ~~Deletions~~ |
| ~~Moves From~~ |
| Moves To |

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **In re:** | ) | **Case No.: 26-42401-357** |
| | ) | |
| **TEGETHOFF DEVELOPMENT, LLC,** | ) | **Honorable Brian C. Walsh** |
| **TEGETHOFF DEVELOPMENT CO,** | ) | **Chapter 11 Proceeding** |
| **LLC, and** | ) | |
| **PEARL CAPITAL MANAGEMENT LLC,** | ) | **(Jointly Administered)** |
| | ) | |
| **Debtors.** | ) | |
| | ) | |

**STIPULATED PROTECTIVE ORDER**

Pursuant to the agreement and stipulation of the parties, and in order to expedite discovery and to protect the personal and confidential information of the parties and other non-parties, and the confidential status of proprietary information or other non-public, confidential or competitively sensitive information, Debtors Tegethoff Development, LLC, Tegethoff Development Co, LLC, and Pearl Capital Management LLC, and Creditors/Interested Parties the United States Trustee, Jeffrey J. Tegethoff, Solera Pearl, LLC, Solera Expo, LLC, Aspen Investment Group, LLC, Solera Multifamily, LLC, and Hickory Investors, LLC, Old Hickory Partners, LLC, ~~and~~ Preserve at Sycamore, LLC, Bank of Washington, Oasis at Lakeport, LLC, Lakeport Hotel, LLC, Groundgame Political Solutions LLC, Canvas Wealth Advisors, LLC, XRL ALC, LLC, UMB Bank, Jeffrey J. Tegethoff, Fireside Real Estate Partners NNN, LP, Brad Richey, and SkyView Passover Partners LLC (collectively, the "Parties," and each, individually, a "Party") hereby agree to be bound by the terms of this Stipulated Protective Order ("Order") throughout the pendency of this action, including until such time as this Order is entered by the Court.

**IT IS HEREBY ORDERED THAT:**

1. This Order shall apply to the Parties, including those presently named or later joined. In the case of Parties other than individuals, this Order shall apply to their officers, managers, directors, employees and agents. All documents, materials and anything else produced or exchanged in the course of the above-captioned bankruptcy case and any associated adversary proceeding (collectively, the "Litigation"), and all copies thereof, shall be used solely for the purpose of the Litigation. No Party shall utilize, refer to, or use such Confidential Information, as defined below, for any other action, litigation or purpose whatsoever, and such Confidential Information will be destroyed upon the termination of the Litigation as set forth herein. Nothing herein, however, shall impose any restriction on the use or disclosure by a Party of its own documents and/or documents, material or information rightfully obtained independent of the discovery process in this case.

2. In the course of discovery, the Parties or a non-party may produce to one another certain information and documents that will include confidential, proprietary, actual trade secret, non-public personal or private information, member tax information, banking information, business strategies, commercially sensitive, or other confidential business information (including technical, commercial or financial information not readily available to the public), the unprotected disclosure of which may have an adverse and detrimental impact on the disclosing Party. Any Party may designate such information that the Party reasonably and in good faith believes to be confidential, consistent with the applicable standards for determining what constitutes confidential, proprietary or trade secret information, as "Confidential" (hereinafter "Confidential Information").

3. Documents, discovery responses, and other materials designated as Confidential Information shall be subject to the provisions of this Order. To the extent all or any portion of

testimony or transcripts of depositions incorporate any Confidential Information of a Party, the portions of such testimony or transcript containing the Confidential Information shall be treated as Confidential under the terms of this Order so long as the Party seeking protection of the relevant portion of deposition testimony has (a) in good faith designated the testimony as Confidential during the deposition in question, or (b) put all other Parties on notice of the intent to designate portion(s) of the deposition in question as Confidential during the deposition or within five days of the date of deposition, put all parties on written notice of the retroactive designation of Confidential, and then so designates the relevant portion of the transcript Confidential within thirty (30) days of receiving a copy of the transcript by specifically communicating such designation(s) to opposing counsel in writing.

4. Documents, discovery responses and materials designated as Confidential Information, and the information contained therein, and any portions of depositions designated as Confidential Information pursuant to Paragraphs 2 or 4, above, shall be used only in connection with the Litigation and may be disclosed only as follows:

a. Confidential Information may be disclosed to a Party and those employees or agents of the Parties who agree to be bound by the terms and provisions of this Order by executing the Acknowledgment to be Bound by Stipulated Protective Order in the form set forth in Exhibit A hereto;

b. Confidential Information may be disclosed to counsel, including in-house counsel, for the Parties, including such paralegal, secretarial or clerical staff (including shorthand reporters) as are participating or assisting such counsel. Counsel for the Parties are required to maintain and protect the confidential nature of this information and to use it only for purposes of the

prosecution or defense of this Litigation. Counsel will also be responsible for ensuring that their staff complies with this Order;

c. Confidential Information may also be disclosed to independent experts and consultants specifically retained for the purposes of this Litigation and only to the extent such expert and/or consultant reasonably requires access to the Confidential Information. Before disclosure of the Confidential Information, such experts and consultants shall agree to be bound by the terms and provisions of this Order by executing the Acknowledgment to be Bound by Stipulated Protective Order in the form set forth in Exhibit A;

d. Confidential Information may also be disclosed to the extent permitted pursuant to Paragraphs 7 and 8, below;

e. Confidential Information may also be disclosed to a mediator, special master or other designated neutral performing services in this matter.

5. Confidential Information may be used or elicited in depositions and in the preparation of non-party witnesses for depositions provided such non-party witnesses shall agree to be bound by the terms and provisions of this Order by executing the Acknowledgment to be Bound by Stipulated Protective Order in the form set forth in Exhibit A.

6. All Confidential Information filed as exhibits to any brief, memorandum, pleading or at a hearing or trial of this matter, and all depositions filed with the Court in which Confidential Information is disclosed or discussed, by way of testimony, exhibits or otherwise, shall be filed with the Court redacted or under seal and shall be marked with the following legend: "Confidential." This provision, however, is subject to the guidance and direction of the Court, and may be modified by the Court in this matter.

7. In the event a Party contends the information and documents produced pursuant to this Order should not have the limitations on disclosure contained herein, the Partiesa Party may challenge the designation in writing to the other Party. Within five (5) business days of receiving the challenge, the designating Party may so agree to de-designate the information and documents in writing, or, if the Parties cannot reach agreement, the designating Party must inform the Party challenging the designation that there is no agreement. The Party challenging the designation may then apply to the Court for a ruling concerning whether said designation is proper. The disputed documents designated as "Confidential" shall remain treated as such pending the Court's ruling. The producing Party bears the burden of proving the documents in dispute are entitled to the protection accorded by this Order.

8. Nothing in this Order shall be deemed or construed to be a waiver by either Party of its right to object on any grounds to the use of any Confidential Information, or any portions thereof, at the trial of this matter. At trial or hearing, Confidential Information shall be treated as ordered or directed by the Court at that time.

9. If a Party in possession of Confidential Information designated "Confidential" is served with a valid subpoena, document request, interrogatories or other compulsory process from a non-party to this Protective Order seeking production or other disclosure of such designated information, such Party ("Subpoenaed Party") shall, within five (5) business days of receipt of the request, give prompt written notice to counsel for the Party who designated the Confidential Information as "Confidential" ("Designating Party") identifying the designated information sought and enclosing a copy of the subpoena, request, or interrogatory. The Subpoenaed Party shall make timely objections to the production of the designated information, including by referencing the existence of this Protective Order, and the Designating Party may intervene without opposition

from the Subpoenaed Party to object to the production of the designated information. Unless and until such objections are overruled by the court, or the court otherwise orders production of the designated information, the Subpoenaed Party shall not produce or divulge the contents of the designated information. Upon a ruling from the court on the objections, the Subpoenaed Party, or any Party, is not required to challenge or oppose any order requiring production of the designated information and is not required to subject itself to the risk of sanctions or penalty arising from non-compliance with any such order.

10. The inadvertent failure to designate any information as Confidential Information will not be deemed to waive a later claim as to its confidential nature, or to stop the producing Party from designating such information as Confidential Information at a later date in writing and with particularity. The information shall be treated by the receiving Party as Confidential Information from the time the receiving Party is notified in writing of the change in the designation. The Producing Party shall provide substitute copies bearing the corrected designation. The Receiving Parties shall return or certify the destruction of the undesignated Confidential material and not use documents or information which were inadvertently produced. However, the Receiving Party may challenge the new Confidential material designations consistent with the procedures outlined in above.

11. Documents, discovery responses or materials designated as Confidential may be copied or otherwise reproduced without the permission of the producing Party or an order of the Court by persons entitled to receive such information pursuant to Paragraph 5 of this Order, provided the use of such copies is restricted in accordance with this Order. All copies so made shall be deemed Confidential Information, as applicable, under the terms of this Order.

12. The Parties and their counsel shall take reasonable precautions to prevent unauthorized disclosure of Confidential Information. Further, nothing herein shall relieve the Parties or their officers, directors, employees and agents of any confidentiality obligations they may have pursuant to prior agreements, nor shall this Order be treated as an agreement that any such prior agreements are applicable and enforceable or a waiver of any objections to the operation or applicability of any such prior Order.

13. This Order shall be binding upon the Parties hereto, their successors, representatives and assigns, as well as all counsel for the Parties hereto, and their paralegals and office employees.

14. Nothing in this Order, or any designation or declaration pursuant to this Order, shall constitute, or be used by any Party as, an "admission by party opponent."

15. The Court shall retain jurisdiction to enforce the terms of this Order, and in the event of a violation of the terms hereof, the Court may enter such orders as it deems appropriate, including but not limited to orders for contempt or other sanction. To the extent that any party files an action to enforce its rights pursuant to this Order following a reasonable and good faith effort to resolve any dispute concerning such rights pursuant to this Order by the parties' respective counsel, the prevailing party (the parties hereby agreeing that they shall request from the Court the designation of a "prevailing party" despite relief being granted to both parties or neither of them) shall be awarded its costs, including reasonable attorney's fees, at the conclusion of such proceeding. Nothing in this Order shall be construed to apply to, limit or affect the right of any Party to pursue preliminary or permanent injunctive relief to prevent the threatened, commenced but not completed, or continuing breach or attempted breach of any of the provisions of this Order pertaining to the protection of Confidential Information. The Court shall also retain jurisdiction

over the Parties and recipients of Confidential Information or enforcement of the provisions of this Order following termination of this Litigation.

16. Any Party for good cause may apply to the Court for a modification of this Order. In the event such an application is made, the Parties shall be bound by the terms of this Order unless and until it is modified by the Court.

17. This Order shall also be binding upon any person or entity from whom discovery may be sought and who desires protections for the discovery sought. Thus, any non-party requested or required to produce or disclose documents, things or information, or to provide testimony in this proceeding, through subpoena or otherwise, may designate such documents, things or information or testimony as Confidential Information under the terms of this Order. Third-party discovery designated as Confidential Information under this Order shall be treated by the Parties in accordance with the provisions of this Order as if such documents, things, information, or testimony were produced or provided by a Party to this action.

18. Inadvertent production of any document produced in this Litigation by any Party or person, that such Party or person later claims should have been withheld on grounds of a privilege (an “Inadvertently Produced Privileged Document” or “Clawed Back Document”), including but not limited to the attorney-client privilege and work product doctrine, will not be deemed, in itself, to waive any privilege or work product protection either as to specific information in the Inadvertently Produced Privileged Document or as to any other information relating thereto or on the same or related subject matters. A Party or person claiming privilege or other protections for an Inadvertently Produced Privileged Document may notify any Party that received the documents and state the basis for the privilege. Within ten (10) days of being notified, any receiving Party must return, sequester, or destroy the specified document and any copies it has, with the sole

exception that a copy may be kept for purposes of challenging the propriety of the newly asserted privilege. Counsel shall make its best efforts to redact or remove references to the Clawed Back Document in any existing work product. The Producing Party must retain a copy of the document until the resolution or termination of this Case. Within ten (10) days of the Producing Party's request for return or destruction of the Inadvertently Produced Privileged Document(s), the Producing Party shall provide a privilege log corresponding to the Inadvertently Produced Privileged Document(s). After a Clawed Back Document is returned, sequestered, or destroyed pursuant to this paragraph, a Party may move the Court for an order compelling production of the Clawed Back Document, but such Party may not assert as a ground for entering such an order the mere fact of inadvertent production.

Stipulated and Agreed To:

CARMODY MACDONALD P.C.

By: */s/ Robert E. Eggmann*
Robert E. Eggmann, #37374
~~120 South Central Avenue, Suite 1800~~
~~St. Louis, Missouri 63105~~
~~(314) 854-8600 Telephone~~
~~(314) 854-8660 Facsimile~~
ree@carmodymacdonald.com

*Attorney for Debtors*

ARMSTRONG TEASDALE LLP

By: */s/*
Wendi S. Apler-Pressman
walperpressman@atllp.com

*Attorney for Fireside Real Estate Partners NNN, LP*

UNITED STATES TRUSTEE

By: */s/*
Joseph R. Schlotzhauer
joseph.schlotzhauer@usdoj.gov

*Attorney for United States Trustee*

POLSINELLI



ME1\62778097.v1

By: */s/*
Andrew J. Nazar
anarzar@polsinelli.com

*Attorney for Lakeport Hotel, LLC and Oasis at Lakeport LLC*

GRAVES GARRETT GREIM

By: */s/*
James Aaron Craig
acraig@gravesgarrett.com

*Attorney for Groundgame Political Solutions, LLC*

BECK & SANT LLC

By: */s/*
J. Talbot Sant
tal@beckandsantlaw.com

*Attorney for Old Hickory Partners, LLC and Preserve at Sycamore, LLC*

BLANK ROME LLP

By: */s/*
Paige B. Tinkham
Paige.tinkham@blankrome.com

*Attorney for XRL ALC, LLC*

HARRIS YOUNG KAYSER LC

By: */s/*
Portia C. Kayser
pkayser@hyklega.com

*Attorney for SkyView Passover Partners LLC*

STINSON LLP

By: */s/*
Andrew J. Scavatto

SUMMERS COMPTON WELLS

By: */s/*
Andrew Magdy
amagdy@summerscomptonwells.com

*Attorney for Jeffrey J. Tegethoff*

HERREN, DARE & STREETT

By: */s/*
David M. Dare
ddare@hdsstl.com

*Attorney for Brad Richey*

SPENCER FANE LLP

By: */s/*
Zachary R.G. Farlie
zfairlie@spencerfane.com

*Attorney for Canvas Wealth Advisors, LLC*

ECKELKAMP KUENZEL LLP

By: */s/*
Steven P. Kuenzel
steve@eckelkampkuenzel.com

*Attorney for Bank of Washington*

McCARTER & ENGLISH, LLP

By: */s/*
Aaron D. Grant
agrant@mccarter.com

*Attorney for Solera Pearl, LLC, Solera Expo, LLC, Aspen Investment Group, LLC, Hickory Investors, LLC and Solera Multifamily, LLC*

Andrew.scavatto.@stinson.com

*Attorney for UMB Bank*

SPENCER FANE LLP

By: */s/*
Ryan C. Hardy
rhardy@spencerfane.com

*Attorney for Preserve at Sycamore, LLC*

SO ORDERED this __ day of ______________, 2026.

________________________________
Hon. Brian C. Walsh

**EXHIBIT "A"**

**ACKNOWLEDGEMENT AND AGREEMENT TO BE BOUND BY THE PROTECTIVE ORDER**

I certify that Confidential Information is being disclosed to me pursuant to the terms and restrictions of the Order dated _________________, 2026, in *In Re Tegethoff Development, LLC et. al*, No. 26-42401, and that I have been given a copy of and have read and understand that Order. I agree to be bound by the Order. I understand that unauthorized intentional disclosure of Confidential Information protected from disclosure pursuant to this Order may constitute contempt of Court. I consent to the exercise of personal jurisdiction by this Court solely for the enforcement of this Order.

________________________
Date

________________________
Signature

________________________
Name

________________________

________________________
Address