**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **IN RE:** | ) | **Chapter 11 Proceeding** |
| | ) | **Honorable Brian C. Walsh** |
| **TEGETHOFF DEVELOPMENT, LLC,** | ) | |
| **TEGETHOFF DEVELOPMENT CO, LLC** | ) | **Case No. 26-42401-169** |
| **and** | ) | |
| **PEARL CAPITAL MANAGEMENT LLC** | ) | |
| | ) | |
| **Debtors.** | ) | |

**OBJECTION OF OLD HICKORY PARTNERS, LLC TO CREDITOR'S DISCLOSURE STATEMENT FOR DEBTORS' JOINT PLAN OF REORGANIZATION DATED SEPTEMBER 30, 2026**

Old Hickory Partners, LLC ("Old Hickory Partners"), by and through counsel, for its Objection, states:

1. Old Hickory Partners, a Missouri limited liability company, is a general partner of Old Hickory Village, LP, a Missouri limited partnership ("Old Hickory Village").

2. Old Hickory Village was formed pursuant to an Agreement of Limited Partnership of Old Hickory Village, LP Dated Effective as of April 28, 2022 (the "Old Hickory Village Partnership Agreement") as amended by First Amendment to Agreement of Limited Partnership of Old Hickory Village, LP dated July 31, 2023; and Second Amendment to Agreement of Limited Partnership of Old Hickory Village, LP dated June ___, 2024 in order to construct a 316 unit apartment complex (the "Project").

3. As set forth in the Declaration of Stephen R. Krause (Doc. #89) and evidenced by attached exhibits, $8,250,000 of contributions to Old Hickory were transferred from Old Hickory Partners' account at CIBC to Tegethoff Development account 2900181 in violation of the OHP

Operating Agreement. No less than $2,094,792 (the "Old Hickory Misappropriated Funds") failed to be used in furtherance of the Old Hickory Village Project.

4. Old Hickory Partners has asserted in numerous pleadings, including: Objection of Old Hickory Partners, LLC to Motion for Entry of Interim and Final Orders Authorizing (I) Tegethoff Development, LLC the Use of Cash Collateral Pursuant to Section 363 of the Bankruptcy Code and (II) Setting Final Hearing for Use of Cash Collateral; and Reservation of Rights (Doc. #36); Supplemental Objection of Old Hickory Partners, LLC to Motion for Entry of Interim and Final Orders Authorizing Tegethoff Development, LLC the Use of Cash Collateral Pursuant to Section 363 of the Bankruptcy Code and (II) Setting Final Hearing for Use of Cash Collateral; and Reservation of Rights (Doc. #88); Declaration of Stephen R. Krause (Doc. #89); Joinder of Old Hickory Partners, LLC to Motion to Appoint Trustee Pursuant to 11 U.S.C. Section 1104 (Doc. #108, 109); that the Old Hickory Misappropriated Funds may include funds in the UMB alleged cash collateral account; (ii) that any Old Hickory Misappropriated Funds may be subject to imposition of a constructive trust and, in that event, should be turned over to Old Hickory or Old Hickory should receive consideration for Debtor's use of such funds. Further, to the extent such Old Hickory Misappropriated Funds can be traced to other assets of Debtor, including interests in limited liability companies with ownership interests in various developments, then a constructive trust is appropriately imposed upon such assets and such assets are properly turned over to Old Hickory Partners. Old Hickory has further reserved all rights.

5. Old Hickory Partners' rights as to the Old Hickory Misappropriated Funds have been reserved in cash collateral orders entered in this case, including most recently, the Fourth Interim Order Authorizing Use of Cash Collateral and Granting Adequate Protection (Doc. #181 at paragraphs M and 3).

6. Old Hickory Partners served discovery on Debtors for purposes including to trace the Old Hickory Misappropriated Funds. Debtors have partially responded to discovery and produced certain documents. As of the filing of this Objection, Old Hickory Partners' review of Debtors' documents produced is not yet complete.

7. The Disclosure Statement for Plan of Liquidation filed on behalf of "Moving Creditors" (Doc. #198 (the "Creditor Disclosure Statement"), at Article IV.E on page 8 references "reserv[ed] rights concerning allegedly misappropriated investor contributions" but there is no indication in the Creditor Disclosure Statement how any such claims, presumably constructive trust claims, would be treated if allowed.

8. The Creditor Disclosure Statement, at Article V.D.3, references UMB Cash Collateral and use thereof, including the Plan Administrator's use of up to $750,000 of remaining availability but fails to address how Old Hickory Partners' rights would be protected in the event the Bankruptcy court imposes an constructive trust in favor of Old Hickory on funds in the UMB Restricted Account or assets acquired with funds traced through such Account.

9. The Creditor Disclosure Statement, at Article V.G provides that the Plan Administration Assets and all Assets dealt with in the Plan are free and clear of all Liens, Claims and Interests, except as provided in the Plan or Confirmation Order, but fails to indicate whether any claims related to Old Hickory Misappropriated Funds that the Bankruptcy court allows could be paid from such Assets.

10. The Creditor Disclosure Statement, pursuant to section 1125 of the Bankruptcy Code, must contain "adequate information", defined as: "information of a kind, and in sufficient detail, as far as is reasonably practicable in light of the nature and history of the debtor and

condition of the debtor's books and records…that would enable a hypothetical investor…to make an informed judgment about the plan."

11. The Creditor Disclosure Statement, in omitting any discussion of treatment of claims with respect to Old Hickory Misappropriated Funds or proceeds thereof, and failing to address the issues asserted above, fails to contain "adequate information" as required pursuant to section 1125, as treatment of such funds and any proceeds impacts whether the Plan meets the requirements of the Bankruptcy Code to be confirmed, including whether it is feasible.

12. Old Hickory Partners' counsel has conferred, and will continue to confer, with Creditors' counsel, as well as complete a review of documents produced by Debtors and interrogatory answers to be received, to reach agreement on supplementation of the Creditor Disclosure Statement to address the Old Hickory Misappropriated Funds and proceeds thereof and treatment of same under the Plan.

WHEREFORE, Old Hickory Partners, LLC prays that this Court enter an order requiring amendment of the Creditors Disclosure Statement to address the Old Hickory Misappropriated Funds and proceeds thereof and grant Old Hickory Partners such additional relief as is just.

Respectfully Submitted,

BECK & SANT LLC

/s/ *J. Talbot Sant, Jr.*
J. Talbot Sant, Jr., #35324MO
Steven N. Beck, #61121MO
11775 Borman Drive, Ste. 216
Maryland Heights, Missouri 63146
(636) 240-3632/Fax: (636) 240 - 6803
Email: tal@beckandsantlaw.com
*Attorneys for Old Hickory Partners, LLC*

BERGER, COHEN &
BRANDT, L.C.

/s/ *Guy N. Brandt*
Guy N. Brandt, #39114MO
Jason Kinser, #53936MO
8000 Maryland Ave., Suite 1500
St. Louis, MO 63105
(314) 721-7272/Fax: (314) 721-1668
Email: gbrandt@bcblawlc.com
*Attorneys for Old Hickory Partners, LLC*

**CERTIFICATE OF SERVICE**

I hereby certify that on this 10th day of November, 2026, a true and correct copy of the above and foregoing document was sent through the Court's eFiling system to all counsel of record.

/s/ *J. Talbot Sant, Jr.*