**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| In re: | ) | **Case No.: 26-42401-169** |
| | ) | |
| TEGETHOFF DEVELOPMENT, LLC, et al. | ) | Honorable Brian Walsh |
| | ) | Chapter 11 Proceeding |
| | ) | Jointly Administered |
| Debtor. | | |

**OBJECTION OF LAKEPORT HOTEL, LLC AND OASIS AT LAKEPORT, LLC TO DEBTORS' SUPPLEMENTAL MOTION FOR ENTRY OF INTERIM AND FINAL ORDERS AUTHORIZING (I) TEGETHOFF DEVELOPMENT LLC THE USE OF CASH COLLATERAL PURSUANT TO §363 OF THE BANKRUPTCY CODE AND (II) SETTING FINAL HEARING FOR USE OF CASH COLLATERAL**

Lakeport Hotel, LLC (the "**Hotel Owner**") and Oasis at Lakeport, LLC ("**Oasis Owner**" and collectively with Hotel Owner, "**Lakeport**") hereby object to *Debtors' Supplement to Motion for Entry of Interim and Final Orders Authorizing (I) Tegethoff Development, LLC the Use of Cash Collateral Pursuant to §363 of the Bankruptcy Code and (II) Setting Final Hearing for Use of Cash Collateral* (Docket #247) ("**Cash Collateral Motion**").[1] In furtherance of the same Lakeport states as follows:

## I. OBJECTION

1. The Debtor has dispensed with any proposed sales of interest in projects, however the glaring "zeroes" across the revenue side demonstrate what the creditor body has been worried about since the commencement of these Cases: These Estates are a melting ice cube, and the cash collateral account that is tied to the Sycamore project, held at UMB, is truly the asset of known value and it is being rapidly used by the Debtor to the detriment of these Estates.

[1] Capitalized terms, not otherwise defined herein, have the same meaning as in the Cash Collateral Motion.



122641490.1

2. The Proposed Budget shows an approximate 33% increase in salary for Jeff Tegethoff and Anna Tegethoff for the month of December. First, there has been no showing or evidence that Anna Tegethoff's services are actually being performed or additive to the Estates. As mentioned above, there is no revenue projected to come in the next three (3) months. Second, the increase by 1/3rd of the salaries for the insider employees in this case do not align with any obvious explanation such as calendar days, pay periods, or the like.

3. The Debtors propose to have the Court approve approximately $290,000 in due diligence fees and expenses and earnest money payments on 3600 Edgewood, LLC and 3560 Edgewood, LLC (the "**Edgewood Projects**").

4. Lakeport objects to any and all Estate funds being dispensed or used for the Edgewood Projects at this time. The Creditors have seen no invoices or work product from any purported architect on this project to align with the requested amounts. Further laying out funds to acquire the Edgewood Projects when there is a pending Motion to Appoint a Trustee, and a pending Creditors Plan of Liquidation is simply throwing good, cash on hand, money after bad. At the very least, any cash outlay for these projects should be suspended until or unless the Court has had an opportunity to the Motion to Appoint the Trustee and/or the Creditors Plan of Liquidation.

5. As stated in Lakeport's prior objections, a Chapter 11 Debtor facing the claims and scrutiny present in this case should not be allowed to spend finite resources speculating on future projects when the very reason the Parties are before this Court is the failed development, completion, and management of already existing projects.

WHEREFORE, the Court should deny Debtors request for use of cash in the Cash Collateral Motion, and for all other remedies and relief the Court deems just and appropriate.

Dated: November 16, 2026

Respectfully submitted,

POLSINELLI PC

By: */s/ Matthew S. Layfield*
MATTHEW LAYFIELD (MO # 57540)
7676 Forsyth Blvd., Suite 800
St. Louis, Missouri 63105
(314) 522-6834
Fax No. (314) 622-6798
mlayfield@polsinelli.com

ATTORNEY FOR LAKEPORT VILLAGE, LLC

CERTIFICATE OF SERVICE

I hereby certify that on November 16, 2026 a true and accurate copy of the foregoing was served electronically by this Court's CM/ECF system.

*Matthew S. Layfield*
Matthew S. Layfield