**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | Case No. 26-42401 |
| TEGETHOFF DEVELOPMENT, LLC, | ) | (Jointly Administered) |
| TEGETHOFF DEVELOPMENT CO, LLC, and | ) | |
| PEARL CAPITAL MANAGEMENT, LLC, | ) | |
| | ) | Hon. Brian C Walsh |
| Debtors.[1] | ) | U.S. Bankruptcy Judge |
| | ) | |
| | ) | Related to Dckt. No. 251 |
| | ) | |
| | ) | Hearing Date: December 1, 2026 |
| | ) | Hearing Time: 10:00 a.m. CST |

**SOLERA CREDITORS' RESPONSE TO APPLICATION TO EMPLOY DESAI LAW FIRM LLC**

Pursuant to 11 U.S.C. §§ 327(a) and 1107, and Federal Rule of Bankruptcy Procedure 2014(a), Creditors, Solera Pearl, LLC, Solera Expo, LLC, Aspen Investment Group, LLC, Solera Multifamily, LLC, and Hickory Investors, LLC (collectively, the "**Solera Creditors**") submit this Response to *Application to Employ Desai Law Firm as Co-Counsel* (Dckt. No. 251) (the "**Desai Application**") and state:

## PRELIMINARY STATEMENT

1. Debtors Tegethoff Development, LLC ("**TD**"), Tegethoff Development Co, LLC, and Pearl Capital Management, LLC ("**PCM**") (collectively, "**Debtors**") seek to employ the Desai Law Firm LLC ("**DLF**") as co-counsel for TD.

---

[1] The Debtors in the above-captioned, jointly administered chapter 11 case, along with the last four digits of each Debtor's federal taxpayer-identification number are (i) Tegethoff Development, LLC (2787); (ii) Tegethoff Development Co, LLC (2441), Case No. 26-42402; and (iii) Pearl Capital Management, LLC (5045), Case No. 26-42403.

2. At the outset, the Solera Creditors state that they have no objection to Mr. Desai, his law firm, nor the general idea that the parties may select their own counsel. With that said, the Desai Application raises several issues that the Solera Creditors must bring to the Court's attention.

3. First, the Desai Application omits a material connection: Spencer Desai, principal of DLF, agreed to serve as escrow agent, and executed an escrow agreement, with Jeffrey Tegethoff, as trustee of the Mono Suerte Trust, governing the proceeds from the sale of the property that is both Mr. Tegethoff's residence and each Debtor's listed address.

4. To be clear, the Solera Creditors take no issue with Mr. Desai personally. But Federal Rule of Bankruptcy Procedure 2014(a) requires disclosure of all connections with the Debtors, creditors, and parties in interest, however attenuated, and the duty to disclose is a fiduciary one. At a bare minimum, the Court should have the full picture in weighing the Desai Application.

5. Second, this bankruptcy case has been proceeding for almost six months with little-to-no income generated for Debtors' estates. Although the Solera Creditors are understanding of Debtors' right to choose their own counsel, the Solera Creditors have concern that adding another law firm and (causing additional administrative expenses) will only expedite the expenditure of the dwindling cash collateral without benefit to Debtors' estates.

## BACKGROUND AND JURISDICTION

*Factual Background in the Bankruptcy Proceeding*

6. On June 4, 2026, Debtors filed an application to employ Robert E. Eggman and Carmody MacDonald P.C. as attorney for TD (the "**Carmody Application**"). *See* Dckt. No. 7.

7. On June 18, 2026, the Court granted the Carmody Application on an interim basis. *See* Dckt. No. 41.

8. On June 18, 2026, the Court ordered joint administration of Debtors' cases. *See* Dckt. Nos. 11, 42.

9. On July 10, 2026, the Court granted the Carmody Application on a final basis. *See* Dckt. No. 109.

10. On November 10, 2026, Debtors filed the Desai Application requesting permission for DLF to appear as co-counsel for TD. *See* Dckt. No. 251.

11. On the same day, Mr. Desai filed a notice of appearance and request for notice. *See* Dckt. No. 255.

12. The Desai Application is scheduled to be heard on December 1, 2026. *See* Dckt. No. 257.

*Factual Background Regarding Mr. Desai's Relationship with TD*

13. Jeffrey Tegethoff, the sole member and equity holder of Debtors, is the trustee of the Mono Suerte Trust, a revocable qualified spousal trust under Missouri law.

14. The Mono Suerte Trust owns real property commonly known as 132 N Brentwood Boulevard, Clayton, Missouri, 63105 (the "**Clayton Property**").

15. Upon information and belief, the Clayton Property is Mr. Tegethoff's personal residence.

16. The Clayton Property is also listed as each Debtor's business address. *See* 26-42401, Dckt. No. 1; 26-42402, Dckt. No. 1; and 26-42403, Dckt. No. 1.

17. The Clayton Property was purchased and constructed with Debtors' funds and with funds taken from various creditors.

18. The Clayton Property is currently under contract with an unrelated third party, and upon information and belief, the sale is an arm's-length transaction.

19. Some of the Solera Creditors hold a $13 million judgment against TD, PCM, and Mr. Tegethoff individually. Mr. Tegethoff is not currently a debtor in bankruptcy.

20. Mr. Tegethoff does not have a direct ownership interest in the Clayton Property, however, he is an individual trustee of the Mono Suerte Trust, which does.

21. By separate agreement, Mr. Tegethoff, as trustee for the Mono Suerte Trust, and some of the Solera Creditors agreed that, if any proceeds remain after the sale of the Clayton Property, the proceeds would be placed into an escrow account. A copy of the escrow agreement (the "**Escrow Agreement**") is attached as **Exhibit A**.

22. The Escrow Agreement required the appointment of an escrow agent.

23. Mr. Tegethoff's personal counsel, Andrew Magdy, proposed Mr. Desai as the escrow agent.

24. Mr. Desai later agreed to act as escrow agent and executed the Escrow Agreement. *See id.*

25. Mr. Desai did not disclose his agreement to act as escrow agent in the Desai Application. *See* Dckt. No. 251.

26. Instead, the Desai Application, with an affidavit from Mr. Desai, discloses that in September 2026, DLF reviewed Debtors' schedules and pleadings at the request of counsel for a potential buyer  the Clayton Property. The Application says nothing about Mr. Desai's role as escrow agent or his involvement with Mr. Tegethoff. *See id.*

27. After the Desai Application was filed, Mr. Tegethoff's individual counsel, Mr. Magdy,—not Mr. Desai—inquired about to the selection of a new escrow agent.

*Jurisdiction*

28. The Court has jurisdiction over the Desai Application pursuant to 28 U.S.C. § 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

**ARGUMENT**

29. Section 327(a) of the Bankruptcy Code permits debtors, with court approval, to employ "attorneys . . . that do not hold or represent an interest adverse to the estate, and that are disinterested persons . . . ." 11 U.S.C. § 327(a).

30. "There are essentially two conditions for an attorney's employment: the attorney must be 'disinterested,' and the attorney cannot hold or represent an interest adverse to the estate." *In re M & M Marketing, LLC*, 426 B.R. 796, 801-02 (B.A.P. 8th Cir. 2010) (referring to 11 U.S.C. § 327(a)).

31. "Under the Bankruptcy Code, the interests of the Debtor are intertwined with the interests of the estate which include the interests of creditors." *In re Mican Homes, Inc.*, 179 B.R. 886, 888 (Bankr. E.D. Mo. 1995).

32. The Solera Creditors raise this issue only because Federal Rule of Bankruptcy Procedure 2014(a) requires applications for employment to disclose all of the professional's connections with the debtor, creditors, any other party in interest, their attorneys and accountants, the United States Trustee, and anyone employed in the United States Trustee's Office. *See* Fed. R. Bankr. P. 2014(a).

33. This Court imposes additional requirements by local rule. *See* E.D. Mo. Bank. L.R. 2014(A).

34. A potential debtor's attorney must disclose any connections between himself and "the debtor, creditors, or any other party in interest." *In re Sandpoint Cattle Co., LLC*, 556 B.R. 408, 420-21 (Bankr. D. Neb. 2016) (*citing* Fed. R. Bank. P. 2014(a)).

35. The duty to disclose is a "continuing one." *Id.* at 421.

36. Transparency is paramount when the Court considers an application to employ, because an attorney's duty of disclosure "is that of a fiduciary." *In re Kolle*, 641 B.R. 621, 657 (Bankr. W.D. Mo. 2021) (imposing sanctions due to attorney's practice of failing to disclose "factored" fee arrangements).

37. The rules are strictly enforced: "[t]he disclosure rules are applied literally, even if the results are sometimes harsh. Negligent or inadvertent omissions do not vitiate the failure to disclose. The disclosures must also be accurate: inaccurate disclosures, whether purposeful or merely a scrivener's error are considered a failure to disclose. Attorneys who have failed to carefully proofread inadequate disclosure statements before filing them have been found negligent." *Id.*

38. And nondisclosure carries real consequences. "Because disclosure under § 329(a) is central to the integrity of the bankruptcy process, failure to disclose is sanctionable; many courts punish defective disclosure by denying all compensation. As one court has stated, '[a]bsent complete disclosure, the court is unable to make an informed judgment regarding the nature and amount of compensation paid or promised by the debtor for legal services in contemplation of bankruptcy.'" *Id. See also In re S. Kitchens, Inc.*, 216 B.R. 819, 829 (Bankr. D. Minn. 1998) ("Regardless of how attenuated such connections may be, they must be revealed in the statement.").

39. The Solera Creditors are concerned that the Desai Application falls short of this standard. Mr. Desai disclosed neither his relationship with the Mono Suerte Trust nor his

relationship with Mr. Tegethoff, at least in Mr. Tegethoff's capacity as trustee of the Mono Suerte Trust. Those connections are exactly what Rule 2014(a) requires an applicant to reveal. Whether those connections are meaningful, or otherwise will impact the motion, is for the Court to determine.

40. Even if DLF's and Mr. Desai's relationship with the Mono Suerte Trust and Mr. Tegethoff does not rise to a disqualifying conflict, the failure to disclose the Escrow Agreement is troubling. The application affirmatively described DLF's prior work connected to the Clayton Property yet omitted Mr. Desai's own role in the escrow of that property's sale proceeds.

41. The court in *In re Classic Roadsters, LTD*, was faced with a similar issue where the proposed debtor's attorney was an escrow agent between the debtor and a creditor. *See* 150 B.R. 751, 752 (Bankr. D.N.D. 1993). As the escrow work required neutrality towards both parties, the court determined it would be "difficult, if not impossible" for that attorney "to represent the estate with the undivided allegiance that is required of an advocate to the estate." *Id*.

42. Ultimately, the Solera Creditors do not have a strong position on the Desai Application. They offer this response only to provide the Court fuller context when considering the motion and the impact of additional expense on Debtors.

## CONCLUSION

WHEREFORE, Creditors, Solera Pearl, LLC, Solera Expo, LLC, Aspen Investment Group, LLC, Solera Multifamily, LLC, and Hickory Investors, LLC request the Court consider the Escrow Agreement and Mr. Desai's undisclosed relationship with the Mono Suerte Trust and Mr. Tegethoff, along with the potential danger of increased burden on the bankruptcy estate when engaging two separate counsel, in determining whether to approve the Desai Application, and grant all other appropriate relief.

Respectfully submitted,

*/s/ Kaylin O. Cook*
Clayton Kuhn, #55222MO
SANDBERG PHOENIX & von GONTARD P.C.
701 Market Street, Suite 600
St. Louis, MO 63101-1313
(314) 231-3332
(314) 241-7604 (fax)
ckuhn@sandbergphoenix.com

Aaron D. Grant, *pro hac vice*
Kaylin O. Cook, *pro hac vice*
McCARTER & ENGLISH, LLP
10 E. Main Street, Suite 200
Carmel, IN 46032
(317) 810-5500
(317) 602-1698 (fax)
agrant@mccarter.com
kcook@mccarter.com

*Attorneys for Creditors Solera Pearl, LLC, Solera Expo, LLC, Aspen Investment Group, LLC, Solera Multifamily, LLC, and Hickory Investors, LLC*

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing document was filed electronically on the 25th day of November 2026, with the United States Bankruptcy Court, and has been served on the parties in interest via e-mail by the Court's CM/ECF System as listed on the Court's Electronic Mail Notice List.

*/s/ Kaylin O. Cook*
Kaylin O. Cook